UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERI JONES | ) | CASE NO. |
| 529 Wehrle Ave. | ) | |
| Newark, OH 43055 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | **PLAINTIFF'S CLASS AND** |
| *similarly situated,* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorse Herein) |
| v. | ) | |
| | ) | |
| HOME CARE ASSISTANCE OF | ) | |
| CENTRAL OHIO, LLC | ) | |
| c/o Statutory Agent Glenn F Alban | ) | |
| 7100 N High Street, #102 | ) | |
| Worthington, OH 43085 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LORI WENGERD | ) | |
| 2098 Tremont Center | ) | |
| Upper Arlington, OH 43221 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Teri Jones, by and through counsel, for her Class and Collective Action Complaint against Defendants Home Care Assistance of Central Ohio, LLC (hereinafter "Home Care Assistance") and Lori Wengerd (hereinafter collectively referred to as "Defendants"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge the policies and practices of Defendants Home Care Assistance and Lori Wengerd that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to

recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective").  Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff Teri Jones was a citizen of the United States and a resident of Licking County, Ohio.

6. Defendant Home Care Assistance is an Ohio limited liability company with its principal place of business in Franklin County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Home Care Assistance' statutory agent for service of process is Glenn F Alban, 7100 N High Street, #102, Worthington, OH 43085. Defendant Lori Wengerd is, upon information and belief, a citizen of the United States and a resident of Franklin County,

Ohio. Defendant Lori Wengerd is the founder,[1] owner [2] and president [3] of Defendant Home Care Assistance.

## FACTUAL ALLEGATIONS

### Defendants' Business

7.      Defendant Home Care Assistance is a home health agency providing hourly and live in or 24-hour home health aides.[4] Defendant Home Care Assistance operates out of 2098 Tremont Center Upper Arlington, OH 43221.[5]

### Defendants' Statuses as Employers

8.      At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff.

9.      At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

10.     Defendant Lori Wengerd is an employer pursuant to 29 U.S.C. § 203(d) in that she is a "person [who] act[ed] directly or indirectly in the interest of an employer," Home Care Assistance, "in relation to employees," including Plaintiff. Defendant Lori Wengerd is also an employer pursuant to O.R.C. Chapter 4111, and had operational control over significant aspects of Home Care Assistance's day-to-day functions, including the compensation of employees.

11.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

---

[1] https://sunny95.com/outstanding-women/lori-wengerd (accessed October 22, 2018).
[2] https://www.homecareassistancecolumbus.com (accessed October 22, 2018).
[3] https://www.linkedin.com/in/homecarecolumbus (accessed October 22, 2018).
[4] https://www.homecareassistancecolumbus.com/live-in-or-24-hour-home-care (accessed October 22, 2018).
[5] https://www.homecareassistancecolumbus.com/services (accessed October 22, 2018).

12. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's, the FLSA Collective's, and Ohio Class's Non-Exempt Employment Statuses with Defendants

13. Plaintiff Teri Jones has been employed by Defendants from approximately March 2018 to the present as a home health aide / caregiver.

14. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

15. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

16. In *Home Care Association of America, et al. v. Weil*, 78 F.Supp. 3d 123 (D.C. Cir. 2015), the District of Columbia Circuit Court of Appeals unanimously upheld the U.S. Department of Labor's Home Care Final Rule, effective January 1, 2015, which extended the overtime provisions of the FLSA to home care employees, including Plaintiff, the FLSA Collective, and Ohio Class.

17. Effective January 1, 2015, home care employees, including Plaintiff, the FLSA Collective, and Ohio Class are non-exempt employees, and must be compensated at one and one-half times their normal hourly rate for hours worked over forty (40) in a week.

### Defendants' Failure to Pay Overtime Compensation

18. During their employment with Defendants, Plaintiff, the FLSA Collective, and the Ohio Class were required to work substantial amounts of overtime.

19. Plaintiff personally regularly worked 60 or more hours each workweek. For example, during the one week pay period April 30, 2018 to May 6, 2018, Plaintiff's paystubs

4

indicate that Plaintiff worked 64 hours, or a minimum of 24 hours of overtime (64-40 regular hours); during the one week pay period July 23, 2018 to July 29, 2018, Plaintiff's paystubs indicate that Plaintiff worked 63.89 hours, or a minimum of 23.89 hours of overtime (63.89-40 regular hours); and during the one week pay period September 24, 2018 to September 30, 2018, Plaintiff's paystubs indicate that Plaintiff worked 63.71 hours, or a minimum of 23.71 hours of overtime (63.71-40 regular hours).

20. Instead of compensating Plaintiff, the FLSA Collective, and the Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiff, the FLSA Collective, and the Ohio Class their regular, straight time hourly rates for all hours worked. For example, during the one week pay period April 30, 2018 to May 6, 2018, Plaintiff's paystubs indicate that Plaintiff worked 64 hours and was paid $10.38 per hour for a total gross pay of $664.32; during the one week pay period July 23, 2018 to July 29, 2018, Plaintiff's paystubs indicate that Plaintiff worked 63.89 hours and was paid $10.38 per hour for a total gross pay of $663.17; and during the one week pay period September 24, 2018 to September 30, 2018, Plaintiff's paystubs indicate that Plaintiff worked 63.71 hours and was paid $10.38 per hour for a total gross pay of $661.32.

21. Defendants' failure to compensate Plaintiff, the FLSA Collective, and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

**Defendants' Failure to Pay All Hours Worked**

22. In addition to the above unlawful overtime payroll practices or policies, while Plaintiff, the FLSA Collective, and Ohio Class were paid on an hourly basis, Defendants

5

consistently failed to pay Plaintiff, the FLSA Collective, and Ohio Class for all hours worked. 29 U.S.C. §§ 206-207.

23. Under 29 C.F.R. § 785.22, employers may deduct "bona fide meal periods and a bona fide regularly scheduled sleeping period" from the count of compensable hours for employees who work 24-hour shifts if: (i) the employee has a scheduled sleep break of no more than eight hours, and (ii) the employee actually receives five uninterrupted hours of sleep.

24. As home health aides, Plaintiff, the FLSA Collective, and Ohio Class were not completely relieved of their job duties during overnight shifts as Plaintiff, the FLSA Collective, and Ohio Class were expected to assist Defendants' clients throughout the night. While working overnight shifts, Plaintiff, the FLSA Collective, and Ohio Class were required to care for Defendants' clients as required by their job duties, including assisting clients to use the restroom or change diapers, assisting clients to change their sleeping positions or make themselves more comfortable, and perform any other healthcare related duties as needed. Plaintiff, the FLSA Collective, and Ohio Class were therefore regularly unable to use their time freely or to sleep at least five (5) hours without being interrupted to perform their job duties. Because of Plaintiff's, the FLSA Collective's, and Ohio Class's job duties, Plaintiff, the FLSA Collective, and Ohio Class regularly could not sleep, nor did these employees regularly sleep, at least five (5) consecutive hours at a time while working overnight shifts for Defendants.

25. Although Defendants suffered and permitted Plaintiff, the FLSA Collective, and Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff, the FLSA Collective, and Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek.

26. Even in the instances when Defendants paid for sleep time hours, Defendants did not pay Plaintiff, the FLSA Collective, and Ohio Class overtime for working sleep time overtime hours; rather, Defendants paid Plaintiff, the FLSA Collective, and Ohio Class a straight hourly rate for sleep time hours, even during weeks in which Plaintiff's, the FLSA Collective's, and Ohio Class's hours exceeded forty (40) hours and these employees were entitled to overtime compensation for those hours.

27. As a result, Plaintiff, the FLSA Collective, and Ohio Class were not properly paid overtime for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

### Defendants' Record Keeping Violations

28. The FLSA, 29 U.S.C. § 211(c), and O.R.C. § 4111.14 require employers to create and keep precise records of wages and hours worked.

29. Defendants have failed to keep accurate records of all hours worked as required under Federal and Ohio law.

30. The above payroll practices resulted in overtime wage violations of the FLSA, 29 U.S.C. §§ 201-219; and O.R.C. Chapter 4111.

### The Willfulness of Defendants' Violations

31. Defendants knew that Plaintiff, the FLSA Collective, and Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

32. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

## **COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

35. The FLSA Collective consists of:

> All present and former non-exempt employees of Defendants who performed home care services during the period of three years preceding the commencement of this action to the present.

36. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

37. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

38. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former non-exempt employees of Defendants who performed home care services during the period of two years preceding the commencement of this action to the present.

41. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over 100 persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

42. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants paid overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek;
>
> Whether Defendants failed to properly compensate Plaintiff and other members of the class for all hours worked, including for hours Defendants categorized as sleep time; and
>
> What amount of monetary relief will compensate Plaintiff and other members of the class for Defendants' violation of O.R.C. 4111.03 and 4111.10.

43. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

44. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

45. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

49. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

50. Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

51. Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

52. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

53. As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

54. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

55. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

56. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

57. Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

58. These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

59. Having injured Plaintiff, the FLSA Collective, and Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law." O.R.C. § 4111.10.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E. Award Plaintiff compensatory and punitive damages, her costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

        *s/ Kevin M. McDermott II*
        Joseph F. Scott (0029780)
        Ryan A. Winters (0086917)
        Kevin M. McDermott II (0090455)
        SCOTT & WINTERS LAW FIRM, LLC
        The Caxton Building
        812 Huron Rd. E., Suite 490
        Cleveland, OH 44115
        P: (216) 912-2221    F: (216) 350-6313
        jscott@ohiowagelawyers.com
        rwinters@ohiowagelawyers.com
        kmcdermott@ohiowagelawyers.com

        *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)