IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERI JONES, | : | |
| Plaintiff, | : | Case No. 2:18-cv-01342 |
| v. | : | Judge Marbley |
| HOME CARE ASSISTANCE OF CENTRAL OHIO, LLC, et al., | : | Chief Magistrate Judge Deavers |
| Defendants. | : | |

### ANSWER OF DEFENDANTS HOME CARE ASSISTANCE OF CENTRAL OHIO, LLC AND LORI WENGERD TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT

Defendants Home Care Assistance of Central Ohio, LLC ("HCA") and Lori Wengerd (collectively, "Defendants") respond to Plaintiff Teri Jones' Class and Collective Action Complaint as follows:

### INTRODUCTION

1. To the extent Paragraph 1 of the Complaint states one or more legal conclusions, no responsive pleading from Defendants is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action under the Fair Labor Standards Act ("FLSA") and Ohio law, but deny that Plaintiff is entitled to any relief whatsoever. Defendants further admit that Plaintiff purports to bring this action as a collective action under the FLSA and a class action under Rule 23 of the Federal Rules of Civil Procedure, but deny that this action is appropriate for collective treatment or class action treatment. Except as admitted, Defendants deny the allegations in Paragraph 1 of the Complaint.

13372565v1

## JURISDICTION AND VENUE

2. Defendants admit that this Court has jurisdiction over Plaintiff's FLSA claims, but deny that Defendants have violated any state or federal statute. Except as admitted, Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants admit that this Court has jurisdiction over Plaintiff's state law claims, but deny that Defendants have violated any state or federal statute. Except as admitted, Defendants deny the allegations in Paragraph 3 of the Complaint.

4. Defendants admit that venue is proper in this Court, but deny that Defendants have violated any state or federal statute. Except as admitted, Defendants deny the allegations in Paragraph 4 of the Complaint.

## PARTIES

5. Defendants admit that Plaintiff is legally permitted to work in the United States, but deny the remaining allegations in Paragraph 5 of the Complaint for lack of knowledge or information sufficient to form a belief about the averments contained therein.

6. Defendants admit that HCA is an Ohio limited liability company with its principal place of business in Franklin County, Ohio, that Ms. Wengerd is a United States citizen and resident of Franklin County, Ohio, and that Ms. Wengerd is the founder, majority owner, and president of HCA. Except as admitted, Defendants deny the allegations in Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

### Defendants' Business

7. Defendants admit that HCA is a non-medical home care company that provides hourly and live-in or 24-hour caregivers. Defendants further admit that HCA's office is located

at 2098 Tremont Center, Upper Arlington, Ohio 43221. Except as admitted, Defendants deny the allegations in Paragraph 7 of the Complaint.

### Defendants' Statuses as Employers

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit that HCA is an enterprise within the meaning of the cited statutory provision. Except as admitted, Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants admit that Ms. Wengerd is an employer under the FLSA and O.R.C. Chapter 4111 and that she had operational control over HCA's day-to-day functions, including employee compensation. Except as admitted, Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants admit that HCA is an enterprise engaged in commerce within the meaning of the cited statutory provision. Except as admitted, Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants admit that HCA is an enterprise engaged in commerce with annual gross volume of business exceeding $500,000.00. Except as admitted, Defendants deny the allegations in Paragraph 12 of the Complaint.

### Plaintiff's, the FLSA Collective's, and Ohio Class's Non-Exempt Employment Statuses with Defendants

13. Defendants admit that Plaintiff has been employed by HCA from March 2018 to present as a caregiver. Except as admitted, Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants admit that Plaintiff is an employee within the meaning of the cited statutory provisions and that HCA employs other individuals who are employees within the

meaning of the cited statutory provisions. Except as admitted, Defendants deny the allegations in Paragraph 14 of the Complaint.

15. Defendants admit that Plaintiff is an employee engaged in commerce within the meaning of the cited statutory provision and that HCA employs other employees engaged in commerce within the meaning of the cited statutory provision. Except as admitted, Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states one or more legal conclusions to which no responsive pleading from Defendants is required. To the extent a response is required, Defendants deny the allegations in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint states one or more legal conclusions to which no responsive pleading from Defendants is required. To the extent a response is required, Defendants deny the allegations in Paragraph 17 of the Complaint.

### Defendants' Failure to Pay Overtime Compensation

18. Defendants admit that Plaintiff and some of HCA's other employees work more than 40 hours a week from time-to-time. Except as admitted, Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants admit that Plaintiff has worked over 60 hours in a workweek from time-to-time and aver that Plaintiff's paystubs speak for themselves. Except as admitted, Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

### Defendants' Failure to Pay All Hours Worked

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states one or more legal conclusions to which no responsive pleading from Defendants is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

### Defendants' Record Keeping Violations

28. Paragraph 28 of the Complaint states one or more legal conclusions to which no responsive pleading from Defendants is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

### The Willfulness of Defendants' Violations

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

### COLLECTIVE ACTION ALLEGATIONS

33. As to Paragraph 33 of the Complaint, Defendants incorporate all of the denials and averments set forth above.

34. Paragraph 34 of the Complaint states one or more legal conclusions to which no responsive pleading from Defendants is required. To the extent a response is required, Defendants admit that Plaintiff purports to bring this action as a collective action under the FLSA, but deny that this action is appropriate for collective treatment or that Plaintiff is entitled

to any relief whatsoever. Except as admitted, Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

## CLASS ACTION ALLEGATIONS

39. As to Paragraph 39 of the Complaint, Defendants incorporate all of the denials and averments set forth above.

40. Paragraph 40 of the Complaint states one or more legal conclusions to which no responsive pleading from Defendants is required. Further answering, Defendants admit that Plaintiff purports to bring this action as a class action under Rule 23 of the Federal Rules of Civil Procedure, but deny that this action is appropriate for class action treatment or that Plaintiff is entitled to any relief whatsoever. Except as admitted, Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

## COUNT ONE
### (FLSA Overtime Violations)

47. As to Paragraph 47 of the Complaint, Defendants incorporate all of the denials

and averments set forth above.

48. Defendants admit that Plaintiff purports to bring this action under the FLSA, but deny that Plaintiff is entitled to any relief whatsoever. Except as admitted, Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint states one or more legal conclusions to which no responsive pleading from Defendants is required. To the extent a response is required, Defendants deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

## COUNT TWO
### (Ohio Overtime Violations)

54. As to Paragraph 54 of the Complaint, Defendants incorporate all of the denials and averments set forth above.

55. Defendants admit that Plaintiff purports to bring this action under O.R.C. §4111.03, but deny that Plaintiff is entitled to any relief whatsoever. Except as admitted, Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants admit the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny each and every allegation of the Complaint not specifically admitted to be true.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of payment, waiver, release, estoppel, and/or accord and satisfaction.

3. Plaintiff's claims and/or the claims of the purported class/collective members are barred to the extent they are based on conduct that occurred outside the applicable statute of limitations.

4. Plaintiff's claims and/or the claims of purported class/collective members are barred, in whole or in part, by 29 U.S.C. § 259 to the extent actions taken in connection with her (and their) compensation were done in good faith and conformity with a reliance upon written regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

5. Plaintiff's claims and/or the claims of purported class/collective members for liquidated damages are barred in part by 29 U.S.C. § 260 because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

6. Plaintiff and the other purported class/collective members cannot establish any act or omission by Defendants that was willful under the FLSA or applicable Ohio law.

7. Plaintiff's Complaint fails to properly state, meet, plead and/or otherwise satisfy the requirements to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

8. Plaintiff and the other purported collective members are not similarly situated to

each other or any other current or former employee of HCA within the meaning of 29 U.S.C. § 216(b).

9. Plaintiff's proposed class is inappropriate because individual questions predominate over common questions of law and fact.

10. Plaintiff's proposed class is inappropriate because it is unmanageable and, therefore, this purported class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

11. Plaintiff's proposed class is inappropriate because Plaintiff is not a proper or adequate class representative under applicable law.

12. Plaintiff has failed to satisfy the prerequisites to the class action contained in Rule 23 of the Federal Rules of Civil Procedure and, therefore, no class should be certified.

13. HCA's pay practices comply with and have complied with, at all relevant times, the requirements of all applicable statutes and regulations.

14. The imposition of statutory penalties would violate Defendants' rights, including the right to due process and equal protection under the United States Constitution and other laws.

15. Plaintiff is not entitled to any liquidated damages under Ohio Revised Code § 4113.15 inasmuch as a dispute exists as to the existence and amount of alleged unpaid wages (both of which are denied).

16. Defendants assert their right to an accounting and an offset of claimed unpaid overtime wages by crediting overtime and premium payments in excess of the minimum requirements of the FLSA and state law.

17. Defendants reserve the right to assert additional defenses, affirmative or otherwise, as discovery continues.

WHEREFORE, Defendants respectfully request that the Complaint be dismissed in its entirety with prejudice, that judgment be entered in their favor, and that this Court award defendants their costs and all other relief which this Court deems appropriate.

Respectfully submitted,

/s/ James G. Petrie
James G. Petrie (0059446)
*Trial Attorney*
Jill K. Bigler (0083789)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4291
Telephone: (614) 227-2373
Facsimile: (614) 227-2390
jpetrie@bricker.com
jbigler@bricker.com
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 21, 2018, a copy of the foregoing ANSWER OF DEFENDANTS HOME CARE ASSISTANCE OF CENTRAL OHIO, LLC AND LORI WENGERD TO PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ James G. Petrie
James G. Petrie (0059446)