## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") is entered into by and between: (1) Teri Jones ("Jones" or "Plaintiff") and (2) Home Care Assistance of Central Ohio, LCC and Lori Wengerd ("HCA" and "Wengerd" or collectively "Defendants").

WHEREAS, on October 30, 2018, Jones filed a civil action captioned *Teri Jones, on behalf of herself and others similarly situated v. Home Care Assistance of Central Ohio and Lori Wengerd*, Case No. 1:18-cv-01342 (the "Litigation"), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") [Docket Entry ("Doc.") 1)];

WHEREAS, Defendants deny any wrongdoing; and

WHEREAS, the Parties now desire and intend to fully, finally, and forever completely settle, compromise, release, and discharge all Released Persons[1] from Released Claims, as set out in Section 10, *infra*;

NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth in this Settlement Agreement, the Parties agree, subject to the Court's approval,[2] as follows:

1. <u>Good Faith Dispute</u>. There is a good-faith dispute as to whether any amounts for alleged unpaid overtime wages are owed; however, the amount of wages to be paid under this Settlement Agreement to resolve Jones' claims represents a good faith compromise of such

---

[1] The term "Released Persons" refers to HCA and its past, present, and future parent companies, affiliates, subsidiaries, divisions, predecessors, successors, partners, owners (including but not limited to Lori Wengerd), joint venturers, affiliated organizations, shareholders, insurers, reinsurers and assigns, and each of their past, present and future officers, directors, trustees, agents, employees, attorneys, contractors, representatives, plan fiduciaries and/or administrators, benefits plans sponsored or administered by HCA, divisions, units, branches and any other persons or entities acting on their behalf, including any party that was or could have been named as a defendant in the Litigation.

[2] This Settlement Agreement is contingent upon the approval of the Court and the satisfaction of the other terms set forth herein.

1

dispute. Each Party enters into this Settlement Agreement with the intention to avoid further disputes and litigation, with the attendant inconvenience and expenses. In particular and without limiting the generality of the foregoing, nothing in this Settlement Agreement, nor the consummation of this settlement, is to be offered, construed, or deemed an admission of liability, culpability, negligence, wrongdoing, impropriety, responsibility, or fault whatsoever on the part of HCA or the Released Persons, and all such Released Persons expressly deny any liability, culpability, negligence, wrongdoing, impropriety, responsibility, or fault whatsoever.

2. <u>No Admission of Wrongdoing</u>. Released Persons expressly deny any liability or wrongdoing of any kind associated with any and all past and present matters, disputes, claims, demands, and causes of action of any kind whatsoever in the Litigation. Released Persons contend they have complied with federal and state laws at all times. By entering into the Settlement Agreement, the Released Persons do not admit any liability or wrongdoing and expressly deny the same. Nothing in this Settlement Agreement, any motions filed or Orders entered pursuant to this Settlement Agreement may be construed or deemed as an admission by the Released Persons of any liability, culpability, negligence, or wrongdoing, nor may they be construed as, offered as, deemed admissible as, or referred to as evidence in any arbitration or legal proceeding for any purpose, except in an action or proceeding to approve, interpret, or enforce this Agreement. In addition, neither this Settlement Agreement, any motions filed, any settlement offers and/or proposals or any information and/or documents exchanged by the Parties, nor any Orders entered pursuant to this Settlement Agreement shall constitute an admission, finding, or evidence that any requirement for representative litigation or class certification was satisfied in the Litigation or any other action. If this Settlement Agreement is not finally approved by the Court, this Settlement Agreement shall be null and void and may not

2

be used or relied upon for any purpose, including any argument regarding certification of all or any part of this action as a collective action and it may not be used as an admission of any kind as to liability, damages, or any other matter.[3]

3. <u>No Reliance</u>. Jones' Counsel[4] and Jones have not relied and do not rely on any assurance of Defendants' Counsel that is not expressly stated in this Settlement Agreement.

4. <u>Consideration</u>. In consideration for the execution of this Settlement Agreement, for Jones' compliance with its terms, and for Jones' agreement to the Release of Claims and dismissal with prejudice of the Litigation, subject to Court approval, Defendants agree to pay to Jones and Jones' Counsel as follows:

   a. To Jones, the total gross sum of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Settlement Payment");

   b. To Jones' Counsel, the sum of Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) in attorneys' fees, costs, and expenses incurred in this Litigation by Jones' Counsel ("Jones' Counsel's Fees and Costs.")

5. <u>Form of Settlement Payments</u>. HCA will make the Settlement Payment by issuing two separate checks to Jones in equal amounts. Specifically, Defendant will issue one check for fifty percent (50%) of the Settlement Payment, or Five Thousand Dollars and Zero Cents ($5,000.00) to Jones allocated to her claim for allegedly unpaid wages and subject to authorized or required deductions, including employee-paid payroll tax withholdings required by law, garnishments, and tax liens. This portion of the Settlement Payment, which is attributable to

---

[3] The Parties however agree that in the event the Court rejects this settlement or does not approve some or all of its provisions, the Parties will attempt in good faith to negotiate a resolution of any concerns identified by the Court in declining to enter the Approval Order or judgment in the form submitted by the Parties within 10 calendar days and resubmit to the Court for approval an agreeable written settlement document if the Parties mutually agree to the same.

[4] The term "Jones' Counsel" refers to Joseph Scott, Ryan Winters and Kevin McDermott of the Scott & Winters Law Firm, LLC and any other attorneys who represent or have represented Jones with respect to the Litigation.

wages, will be reported on an IRS Form W-2. HCA will issue a second check for the remaining fifty percent (50%) of the Settlement Payment, or Five Thousand Dollars and Zero Cents ($5,000.00) to Jones allocated to her claim for liquidated damages. This portion of the Settlement Payment, which is attributable to non-wage damages, will be reported on an IRS Form 1099.

It is expressly understood and agreed that the receipt of any payment under this Settlement Agreement will not entitle Jones to additional compensation or benefits under HCA's or any other Released Persons' bonus, commission, or other compensation or benefit plans or agreements. The Parties agree that the Settlement Payment shall not be considered compensation for work performed or compensation of any kind under any 401K plan, profit sharing plan, pension plan or other employer-sponsored benefit plan.

6. <u>Jones' Counsel's Fees and Costs.</u> The sum designated above as Jones' Counsel's Fees and Costs includes reimbursement to Jones' Counsel for all the costs and litigation expenses incurred in the Litigation, and which includes costs and litigation expenses that were presented to Defendants during the negotiation of the settlement of this matter. The Parties further represent that they negotiated a compromise in the amount of attorneys' fees incurred by Jones, and that this compromise represents a fair and reasonable compromise of Jones' Counsel's total attorney's fees, costs, and expenses incurred, sought, and claimed by them associated with the prosecution of the claims in this action from Jones' Counsel's stated lodestar calculation.

Payment of Jones' Counsel's Fees and Costs to Jones' Counsel as set forth in this Settlement Agreement shall constitute full satisfaction of any and all obligations by Released Persons to pay any person, attorney, or law firm (including but not limited to Jones' Counsel) for attorneys' fees, expenses, or costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) incurred on behalf of Jones in the

4

Litigation, and shall relieve the Released Persons of any other claims or liability to any person for any attorneys' fees, expenses, and costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) to which any person may claim to be entitled on behalf of Jones in this matter. Upon payment of Jones' Counsel's Fees and Costs hereunder, Jones' Counsel and Jones shall release Released Persons from any and all claims for attorneys' fees, expenses, and costs (including but not limited to any fees, costs, and expenses related to testifying and non-testifying experts and consultants) relating to the Litigation. Jones' Counsel further represent and certifies that they are not aware of any liens for attorneys' fees, expenses, or costs existing, filed, or asserted with respect to any of the claims asserted in this Litigation and they agree to hold harmless the Released Persons if any person who has represented Jones asserts any claims for attorneys' fees in connection with the Litigation.

Jones' Counsel will be issued an IRS Form 1099 for their Court-approved award of Jones' Counsel's Fees and Costs. The amount approved by the Court for payment of Jones' Counsel's Fees and Costs will be reported as income on an IRS Form 1099 to Jones.

7. <u>Timing of Payments; Negotiation of Instruments</u>. Defendants will issue the Settlement Payment contemplated herein in Section 4(a) and Jones' Counsel's Fees and Costs contemplated herein to Jones' Counsel within fourteen (14) calendar days, (which contemplates transmission of the Settlement Payment by overnight mail to Jones' Counsel) after the "Effective Date," which is defined as the latest date on which each of the following events occurs: ; (i) the Court has entered an Approval Order; and (ii) the Court has dismissed the Litigation with prejudice, subject to the condition precedent that Defendant receives from Jones and Jones' Counsel executed W-9 and W-4 Forms.

8. <u>Cooperation</u>. The Parties agree that Plaintiff may either file an unopposed motion to approve the settlement and dismiss the case with prejudice, or seek to file a joint motion with Defendants seeking approval of this Settlement Agreement and dismissal of this action with prejudice, and further agree to take all actions necessary and appropriate to seek and obtain entry of an Approval Order fully and finally approving of the terms of this Settlement Agreement and dismissing the Litigation with prejudice. In the event that Plaintiff files an unopposed motion to approve the settlement, Defendants will have the right to review the motion in advance of the filing before providing its consent to the filing of such motion.

9. <u>Resignation. In further exchange for the consideration outlined in Paragraph 4 above, Jones agrees that u</u>nless she voluntarily resigns from her employment with HCA or her employment with HCA is otherwise involuntarily terminated sooner, Jones shall voluntarily resign from HCA and her employment shall be terminated without any liability to HCA at such time as the clients for whom she currently provides care request her removal and/or cease to be clients of HCA either by reason of death, contract termination or otherwise. Jones shall not be eligible for re-hire and she acknowledges and agrees that should she re-apply for employment with HCA, her application may be disregarded with no further liability to HCA. Jones acknowledges and agrees that nothing in this paragraph amounts to a guarantee of continued employment, employment for any specific term or otherwise alters the at-will nature of her employment. Jones further acknowledges and agrees that her client non-solicitation obligations remain in full force and effect and she specifically acknowledges and promises that she will not in any manner solicit any HCA client, including but not limited to the clients she currently serves, to cease their relationship with HCA or otherwise independently engage Jones to provide services to them. Jones further agrees and promises to refrain from discussing the Litigation, the

fact or terms of this Agreement or her future resignation with the clients she currently serves, their family members or any other client or client family member. The parties acknowledge and agree that this provision is a material term of this Agreement.

10. <u>Neutral Reference. As further consideration for the promises contained in this Agreement, HCA agrees that after Jones' employment terminates in accordance with the terms of Paragraph 9, if it is contacted by any prospective employer of Jones, it shall provide only Jones' dates of employment and position(s) held. Jones agrees that she will direct any employment-related inquiries to Lori Wengerd at HCA.</u>

11. <u>Non-Disparagement. In exchange for the consideration provided in this Agreement, Jones also agrees that she will refrain from publicly or privately disparaging or making negative comments about HCA, its current or former owners, employees and clients, and HCA's employment policies, practices or services.</u>

12. <u>No Consideration Absent Execution of this Settlement Agreement</u>. Jones understands and agrees that she would not receive the monies and/or benefits specified in Section 4 above except for the execution of this Settlement Agreement, dismissal with prejudice of the Litigation, Jones' Release of Claims under this Settlement Agreement, and fulfillment otherwise of the promises contained in this Settlement Agreement.

13. <u>Released Claims</u>. In consideration of the benefits inuring to the Parties, each Releasing Person[5] releases and forever settles, compromises, releases and discharges Defendants and the Released Persons from all claims that were or could have been brought by her in the Litigation, whether known or unknown, that she may have had or had, arising up to and

---

[5] The term "Releasing Persons" means Jones and her respective agents, heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, and assigns.

7

including the execution date of this Settlement Agreement. The Releasing Persons shall be deemed to forever completely settle, compromise, release, and discharge Defendants and the Released Persons from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, whether arising under federal, state, or other applicable law, which any Releasing Person has or might have, known or unknown, asserted or unasserted, that are based upon, relate to, or arise out of the facts, acts, transactions, occurrences, events or omissions alleged in the Litigation or by reason of the negotiations leading to this Settlement Agreement that occurred at any time up to and including the execution date of this Settlement Agreement. The claims released by Jones and the Releasing Persons specifically include without limitation the following: (i) any and all claims asserted at any time in the Litigation; (ii) all claims for unpaid wages, minimum wages, overtime wages, compensation, miscalculated wages, improper deductions, late payment of wages, commissions, bonuses, and retaliation for complaining about wages or for asserting wage-related claims; (iii) all wage-related or wage-related recordkeeping-related claims for damages under the FLSA, 29 U.S.C. § 201, *et seq.*, or any federal, state, or local law, and/or regulations regulating hours of work, wages (including minimum wages and overtime wages), the timing and/or payment of wages, or recordkeeping of any kind; (iv) all claims under any federal, state, local, or other applicable law for wages, minimum wages, overtime wages, miscalculated wages, improper deductions, hours worked, and/or missed or interrupted meal, rest or sleep breaks, including any claims arising under breach of express contract or labor agreement, implied contract, money had and received in assumpsit, quantum meruit/unjust enrichment, promissory estoppel, equitable estoppel, fraud, negligent misrepresentation, conversion or failure to keep accurate records, including any claims

8

arising under tort, contract, or quasi-contract theories; and (v) any and all claims pursuant to or derived from The Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, to the extent such ERISA claims are premised on an alleged failure to credit any pension plan or health plan or other employer-sponsored benefit plan account and/or benefits for all hours worked or all compensation paid or entitled to be paid including but not limited to pursuant to this Settlement Agreement. Nothing in this Release of Claims shall release any claims to vested benefits in any pension or 401(k) plan or other ERISA-governed benefit plan provided by HCA, any claim under state workers' compensation laws or any other claims that cannot be released as a matter of law. Nothing in this Release precludes Jones from filing a charge with any federal agency, but she expressly waives her right to any monetary recovery from Defendants as a result of any such charge.

14. <u>Acknowledgments and Affirmations</u>. Jones affirms the following: (i) Jones has not filed, caused to be filed, will not file, and is not presently a party to any claim against Defendants or any of the Released Parties, except those in the Litigation; (ii) Jones is bound by the terms and conditions of this Settlement Agreement, the Court's Approval Order, the judgment, and the releases set forth herein; (iii) the Releasing Persons covenant and agree that, since they are settling disputed claims, they will not accept, recover or receive any back pay, liquidated damages, other damages, penalties, or any other form of relief based on any of the Released Claims or any claims asserted or settled in the Litigation which may arise out of, or in connection with any other individual, representative, collective, class, administrative, or arbitral proceeding pursued by any individual(s), class, union, or any federal, state or local governmental agency against any of the Released Persons; and (iv) Releasing Persons further acknowledge that they are enjoined from pursuing any claim settled, compromised, released, and/or discharged as

9

part of this settlement and Settlement Agreement that Releasing Persons have, had, might have or might have had against Defendants and/or any of the Released Persons based on any act or omission that occurred up to and including the execution date of this Settlement Agreement. Releasing Persons further acknowledge that they will not file, cause to be filed, or affirmatively join or opt in, as a collective or class member, beneficiary or other participant in any lawsuit with respect to the subject matter of the Litigation or any other claim released under the Release of Claims and, if involuntarily joined in any lawsuit against any Released Persons with respect to the subject matter of the Litigation or any other claim released under the Release of Claims, Releasing Persons agree to waive their right to any recovery that may result from such lawsuit or proceeding, and not to pursue claims on her/his own behalf. Although nothing in this Settlement Agreement releases or waives any claims not subject to release or waiver under the law, to the extent permitted by law with regard to any such non-waivable claim, Released Persons each acknowledge and agree that he or she waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a non-waivable claim in which Defendants or any other of the Released Persons is a party.

15. <u>Governing Law</u>. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of Ohio.

16. <u>Amendment</u>. This Settlement Agreement may not be modified, altered, or changed except in writing and signed by duly authorized representatives of the Parties.

17. <u>Integration Clause</u>. This Settlement Agreement sets forth the entire agreement of the Parties and fully supersedes any and all prior agreements or understandings, written or oral, between the Parties related to the subject matter hereof. Jones acknowledges that she has not

relied on any representations, promises, or agreements of any kind made in connection with her decision to accept this Settlement Agreement, except for those expressly set forth in this Settlement Agreement. The Parties further agree, however, that if Jones signed a Confidentiality, Non-Solicitation and/or Arbitration Agreement that Jones will remain bound by the terms of that agreement.

18. <u>Invalid Without Court Approval</u>. This Settlement Agreement is subject to approval by the United States District Court for the Southern District of Ohio in the Litigation. In the event the Court does not approve this Settlement Agreement, the settlement of the Litigation is barred by operation of law and is invalidated, and the Settlement Agreement shall be terminated and deemed null and void, of no force and effect, and of no probative value, and the Parties represent, warrant, and covenant that in that event, the Settlement Agreement will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses in the Litigation. In the event the Court does not approve the settlement of the Litigation, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement. Furthermore, Released Persons shall have no obligation to make any payments of any kind (including to Jones or Jones' Counsel), and no Party shall be bound by any of the Settlement Agreement's terms.

19. <u>Retention of Jurisdiction</u>. The Parties agree that the Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith. The Parties will submit a proposed

Approval Order approving the terms of this Settlement Agreement and the others exchanged and executed among Defendant and Plaintiffs and retaining jurisdiction to enforce the terms of the Settlement Agreement in the form set out at Exhibit A to this Settlement Agreement, although the Parties understand the Court may within its discretion, reject reservation of jurisdiction to enforce the terms of the settlement.

20. <u>Negotiated Terms</u>. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arms' length negotiations among the Parties. This Settlement Agreement has been drafted jointly by counsel for the Parties and shall not be construed in favor of or against any Party.

21. <u>Headings</u>. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision. Each term of this Settlement Agreement is contractual and not merely a recital.

22. <u>Binding Effect</u>. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, assigns, agents, guardians, estates, administrators and successors-in interest. Jones and Jones' Counsel represent and warrant that no one has directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, interest, or rights released and discharged in this Settlement Agreement. Upon the Effective Date of this Settlement Agreement, Jones shall be deemed to have given this warranty.

23. <u>Confidentiality</u>. In consideration of the obligations under this Agreement, Jones agrees that this Agreement and the terms and conditions hereof are strictly, and shall forever

remain, confidential, and that neither Jones nor her heirs, agents, executors, administrators, attorneys, legal representatives or assigns shall disclose or disseminate, directly or indirectly, any information concerning any such terms to any third person(s), including, but not limited to, representatives of the media or other present or former associates of HCA, under any circumstances. Jones may disclose the terms of this Agreement to her spouse, attorney, accountant, tax advisor, the Internal Revenue Service, or as otherwise required by law, or as required to do so in response to an investigation by any federal or state agency. Jones represents that after an agreement in principle was reached but prior to signing this Agreement, she disclosed to Kim Trainer Caudill, Mary Acheampong and Rebecca Brandt, co-workers at HCA, that she had filed a lawsuit against HCA and that the matter would be settled. In addition, prior to signing this Agreement, Jones discussed the settlement with a friend, Beth Zielinski. Jones specifically warrants that she made no other disclosures to these individuals or anyone else regarding the terms of this Agreement, including but not limited to the Settlement Payments referenced in Paragraph 4 above. Jones affirms that she has not made any other prior disclosures that, if made after signing this Agreement, would have violated this obligation of confidentiality. Jones further agrees that she will not initiate or participate in any discussion or communication concerning or relating to the Litigation with anyone (aside from her counsel, spouse and/or tax or financial advisor) or this Agreement, including but not limited to clients of HCA or the individuals identified above. If, and only if, another person asks Jones about the Litigation and/or her claims against Defendants, her response shall be limited to words identical to or similar to the following statement: "I've dropped it, and don't want to talk about it."

    (A)    If Jones is required to disclose this Agreement or its terms pursuant to court order and/or subpoena, she shall notify HCA, in writing via facsimile or overnight mail, within 24 hours of her receipt of such court order or subpoena, and simultaneously provide HCA with a copy of such

court order or subpoena. The notice shall comply with the notice requirements set forth below. Jones agrees to waive any objection to Defendants' request that the document production or testimony be done *in camera* and under seal.

(B) Jones acknowledges that a violation of Paragraph 23 or any of its subparts would cause immeasurable and irreparable damage to HCA in an amount incapable of precise determination. Accordingly, for each proven violation by Jones of the agreements and covenants in this Paragraph, as determined by a court of competent jurisdiction, Jones shall return to HCA the sum of Five Hundred Dollars and Zero Cents ($500.00) within ten (10) days of the court's ruling, and this Agreement, including the release, shall remain in full force and effect.

(C) The Parties agree that the terms of Paragraph 23 and all of its subparts are a material inducement for the execution of this Agreement. Any disclosure or dissemination, other than as described above in this Paragraph, will be regarded as a breach of this Agreement and a cause of action shall immediately accrue for damages.

24. <u>Other Limitations on Publication of Settlement.</u> In order to protect the confidentiality of this Agreement, the Parties agree, when filing a Motion for Approval, to request permission to submit this Agreement for an *in camera* inspection or to file it under seal. If the Court declines, then the Parties agree and understand that the terms of this Settlement Agreement and the Settlement Agreement itself will be filed on PACER and in the public record and are thus not confidential. Nonetheless, Jones and Jones' Counsel agree to make no statement to the media relative to this settlement and Settlement Agreement and to make no press or media release or otherwise publish on social media the terms of this settlement or Settlement Agreement. They also agree that they will also not publicize the Settlement Payment, this Settlement Agreement, any details or terms of this Settlement Agreement, or any of the events and negotiations surrounding this Settlement Agreement, except to immediate family members, attorneys, tax counselors, financial advisors, or as required by law.

25. <u>Non-Solicitation</u>. Jones will not solicit, contact, or otherwise encourage other current or former employees of HCA or the Released Persons to assert claims against Defendant or the Released Persons. Should one of Defendants' or the Released Persons' current or former employees who is not already a client of Jones' Counsel contact Jones' Counsel about a potential claim against Defendants or the Released Persons, Jones' Counsel will be free to follow their professional judgment in advising such an individual about a potential claim regarding Defendants or the Released Persons.

26. <u>Mutual Cooperation.</u> The Parties agree to cooperate with each other to accomplish the terms of the Settlement Agreement, including, but not limited to, to execute such documents and to take such other action as may reasonably be necessary to implement the terms of the Settlement Agreement. The Parties to the Settlement Agreement shall use reasonable efforts, including all efforts contemplated by the Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the Settlement Agreement and the terms set forth herein. The Parties agree to work cooperatively and in good faith to address and resolve any concerns or disputes that may arise between the Parties in taking steps to secure the Court's approval of this Settlement Agreement or the others exchanged and executed among Defendant and Plaintiffs.

27. <u>Conditions Precedent for Settlement Payment Made by Defendants</u>. Jones agrees that, as a condition precedent to receipt of the Settlement Payment to be paid herein, Jones must submit a W-9 form and a W-4 form to Defendants' Counsel. Jones' Counsel acknowledges that, as a condition precedent to receipt of Jones' Counsel's Fees and Costs, Jones' Counsel must submit a W-9 form to Defendants' counsel. These forms must be submitted to Defendants' Counsel within one week of the execution of this Settlement Agreement.

28. <u>Tax Indemnity</u>. Jones will fully and completely indemnify and hold harmless Defendant from any liability, attorney's fees, expenses, and costs incurred by Jones in connection with the tax treatment of the payments made pursuant to IRS Form 1099 by Defendants to Jones pursuant to this Settlement Agreement and/or the method utilized by Defendants to make any of the payments to Jones pursuant to this Settlement Agreement.

29. <u>HCA's Right to Communicate with Its Employees</u>. Nothing in this Settlement Agreement shall be construed to prevent Defendant HCA from communicating with any of its employees regarding any matter, including the Litigation or this Settlement Agreement.

30. <u>Termination of the Agreement</u>. Subject to the provisions of footnote 3 herein, Jones or Defendants may terminate this Settlement Agreement if the Court declines to approve the material terms of this settlement or declines to enter an Approval Order. To terminate the Settlement Agreement, Jones' Counsel or counsel for Defendant shall give written notice to the opposing counsel within fifteen (15) business days of the grounds for termination set forth in this paragraph. In the event that this Settlement Agreement is terminated pursuant to this provision, it shall have no effect and no Party shall be bound by any of its terms.

31. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts and by facsimile or email. When each designated signatory has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

32. <u>Destruction of Confidential Information</u>. Upon receipt of the Settlement Payment, the Parties shall destroy any confidential documents exchanged in the process of negotiating this Settlement Agreement or otherwise participating in the Litigation. Within twenty-one (21)

16

calendar days of payment, Jones' Counsel will send a written notification confirming the destruction of all records and documents marked as Confidential by Defendants.

33. **JONES ADVISES THAT SHE HAS HAD A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND TO CONSULT WITH COUNSEL REGARDING THIS SETTLEMENT AGREEMENT. JONES FREELY, VOLUNTARILY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign this Settlement Agreement as a valid and binding act of each, as of the date(s) set forth below:

**SIGNATURES ON FOLLOWING PAGE**

**HOME CARE ASSISTANCE OF CENTRAL OHIO, LLC:**

By: _/s/ Lori Wengerd_      Date: 11/1/2019

Name: Lori Wengerd

Title: President


**As to Form and Content:**
**COUNSEL FOR HOME CARE ASSISTANCE OF CENTRAL OHIO, LLC AND LORI WENGERD**

By: _/s/ Charissa K Walker_      Date: Nov 4, 2019


**TERI JONES:**

By: _Teri Jones (Oct 31, 2019)_      Date: Oct 31, 2019

**Teri Jones**

18

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERI JONES, | ) Case No. 2:18-cv-01342 |
|     Plaintiff, | ) |
| | ) JUDGE SARAH D. MORRISON |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| HOME CARE ASSISTANCE OF | ) ELIZABETH P. DEAVERS |
| CENTRAL OHIO, LLC, *et al.* | ) |
| | ) **[EXHIBIT 2: PROPOSED] FINAL** |
| | ) **ORDER AND JUDGMENT** |
|     Defendants. | ) **APPROVING SETTLEMENT** |

This matter is before the Court on the parties' Joint Motion for Approval of Settlement ("Joint Motion") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the parties and memorialized in their Settlement Agreement and Release ("Settlement" or "Settlement Agreement").

Having reviewed the Settlement Agreement, as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment approving the Settlement, as follows:

1. Plaintiff Teri Jones asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, as well as the wage laws of the State of Ohio, O.R.C. §§ 4111.01 *et seq.*

2. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b).

3. The Court approves the Settlement Agreement, and orders that the Settlement Agreement be implemented according to its terms and conditions as directed herein.

4. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Settlement Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

5. This Action and all claims of Plaintiff are dismissed with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

6. As requested by the Parties and in the Settlement Agreement, the Court retains jurisdiction over the Action to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

**SO ORDERED:**

Date: _____   _____
SARAH D. MORRISON
United States District Judge

4826-1428-9063.3 087434.1002