UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERI JONES, | ) | Case No. 2:18-cv-01342 |
| | ) | |
| Plaintiff, | ) | JUDGE SARAH D. MORRISON |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | ELIZABETH P. DEAVERS |
| HOME CARE ASSISTANCE OF | ) | |
| CENTRAL OHIO, LLC, *et al.* | ) | **FINAL ORDER AND JUDGMENT** |
| | ) | **APPROVING SETTLEMENT** |
| Defendants. | ) | |

This matter is before the Court on the parties' Joint Motion for Approval of Settlement ("Joint Motion") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (ECF No. 37.) The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the parties and memorialized in their Settlement Agreement and Release ("Settlement Agreement").

Having reviewed the Joint Motion, the Settlement Agreement, the Declaration of Plaintiff's Counsel Ryan A. Winters (ECF No. 38), the Supplemental Declaration of Plaintiff's Counsel Ryan A. Winters (ECF No. 42), as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment approving the Settlement Agreement as follows:

1. Plaintiff Teri Jones asserts wage-and-hour claims under the FLSA, 29 U.S.C. §§ 201-219, as well as the wage laws of the State of Ohio, O.R.C. §§ 4111.01 *et seq.* against Defendant Home Care Assistance of Central Ohio, LLC. In particular, she claims Home Care wrongfully failed to pay her the proper hourly rate for hours worked over forty and also failed to pay her for sleep time hours.

1

2. According to the Settlement Agreement, Defendant Home Care Assistance of Central Ohio, LLC will pay Ms. Jones $10,000, which is 100% of her alleged unpaid overtime and more than 100% of her liquidated damages she could have received had she proven a willful violation under 29 U.S.C. § 216(b). In exchange, Ms. Jones will dismiss all of her claims against Home Care with prejudice. In addition, the Settlement Agreement states that Home Care will pay Ms. Jones' counsel $25,000 for attorney's fees and costs, in a separately negotiated award.

3. Where a settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See Moulton v. United States Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009) (citing *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993)). This requirement is also reflected in § 216(b) of the FLSA, which provides "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (internal quotation marks and further citations omitted). There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). Here, the parties utilize the lodestar method.

4. Three attorneys represented Ms. Jones pursuant to a contingency agreement. (ECF No. 42.) Attorney Winters spent 29 hours on this matter with an hourly rate of $350. Attorney Scott spent 3.1 hours on this case with an hourly rate of $400. Attorney McDermott spent 49 hours on this matter at an hourly rate of $275. *Id*. The total lodestar amount is $24,865. The Settlement Agreement provides for an award of attorney's fees in the amount of $24,567.76, which is less

than the lodestar amount which demonstrates that the fee sought is reasonable. *Rikos v. P&G*, No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722, at *26 (S.D. Ohio Apr. 30, 2018). Further supporting this conclusion is the fact that counsel took this case on a contingency basis. *Id.* *25. While it is true that Ms. Jones' attorneys receive more from this settlement Agreement than she does, "[f]or an employee with minimal claims to obtain the services of an attorney, that attorney must be able to recover a reasonable fee. Indeed, the possibility of an attorney's fee that eclipses any pay award should add to the incentive for an employer to make a quick and just resolution of even the most minor overtime claims." *Williams v. Bevill*, No. 4:14-cv-82-TRM-SKL, 2016 U.S. Dist. LEXIS 25002, at *6-8 (E.D. Tenn. Feb. 8, 2016) (citation omitted).

5. The Settlement Agreement provides for payment of $432.24 for expenses. The Court finds that those costs were reasonably necessary to prosecute the action.

6. The Court holds that the agreed-upon fees of $24,567.76, and expenses of $432.24, are reasonable under the circumstances. Consequently, the Court approves the payment of attorney's fees and expense reimbursements to Ms. Jones' counsel as provided in the Settlement Agreement, and orders that such payments be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

7. The Court finds that the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide dispute between the parties. The Settlement Agreement satisfies the standard for approval under § 216(b) of the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (holding "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.").

8. The Court approves the Settlement Agreement, which is incorporated by reference herein, and orders that the Settlement Agreement be implemented according to its terms and conditions as directed within that document.

9. This case and all claims of Plaintiff are dismissed with prejudice. The Court finds that there is no just reason for delay and directs the Clerk of the Court to enter this Final Order and Judgment immediately.

10. As requested by the Parties and in the Settlement Agreement, the Court retains jurisdiction over this case to enforce the terms of the Settlement Agreement and resolve any and all disputes thereunder.

11. The Court **GRANTS** the Joint Motion for Approval of Settlement. (ECF No. 37.) The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**